# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6181 | **DATE** | 12/13/2001 |
| **CASE TITLE** | Central States, Southwest etc. Vs. Transport Service Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny, for now, the motion for summary judgment; we grant the motion for additional discovery, as explained below; and we deny the motion for sanctions. Status hearing set for January 31, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | DEC 1 3 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 83 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

01 DEC 13 PM 4: 43

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
AND HOWARD MC DOUGALL, Trustee, )
and )
CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS HEALTH AND )
WELFARE FUND, and HOWARD )
MC DOUGALL, Trustee, )
)
              Plaintiffs, )
)
vs. ) No. 00 C 6181
)
TRANSPORT SERVICE CO., an Illinois )
corporation, )
)
             Defendant. )

DOCKETED
DEC 1 3 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs (Funds) allege that defendant agreed to contribute to pension and welfare funds for covered employees, pursuant to a collective bargaining agreement with Local Union No. 279 of the International Brotherhood of Teamsters (Local 279). They sue to obtain records necessary to conduct an audit and to collect delinquent contributions. Defendant agrees that its drivers at its Decatur terminal are covered employees and there remains no dispute respecting them. Defendant contends, however, that its drivers at its Assumption facility, some twenty-three miles away, or so, are not members of Local 279, are not represented by it, and are not covered employees, although they do work out of Decatur from time to time. It refuses to permit an audit of those drivers and it has moved for a summary judgment that it has no obligation to submit to such an audit. Plaintiffs oppose that motion, ask for additional discovery if this court is inclined to grant it, and seek sanctions.

We deny, for now, the motion for summary judgment; we grant the motion for

additional discovery, as explained below; and we deny the motion for sanctions.

We believe that it is beyond dispute that Local 279 represents the drivers at the Decatur facility, whether or not they are members of the union. A union cannot, by contract language, restrict its representation to union members when there are non-union employees in the bargaining unit. *See* <u>Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.</u>, 870 F.2d 1148, 1150 (7th Cir. 1989). It is beyond dispute that the drivers at the Assumption facility are not represented by Local 279. The Funds cannot collect contributions for drivers at the Assumption facility if they, say, are hauling loads between Springfield and Terre Haute. But what about drivers carried on the roles at Assumption but who, in fact, operate out of Decatur? Plaintiffs insist there are some drivers in that category; defendants vigorously deny that is so. Local 279 does not claim to represent any such drivers, perhaps because it is concerned that the inclusion of drivers in the bargaining unit who are presently non-union will lead to decertification. It now takes the position, in related case <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union Local No. 279 v. Transport Service Company</u>, No. 01 C 4094, that drivers from Assumption are foreigners poaching on the Decatur unit's work. Earlier, however, it appears that it took the position now espoused by the Funds. Nevertheless, if any Assumption drivers are in fact operating out of Decatur, that driver, it would seem, is a member of the Local 279 bargaining unit. And, perhaps (the parties differ on the meaning of a reciprocity provision), plaintiff is liable for contributions for the time spent on any Decatur hauls, even if sporadic.

That means plaintiffs are entitled to explore which Assumption drivers did work related to Decatur and what and when that was. It does not mean that plaintiffs are entitled to information about drivers who had no Decatur involvement (other than having their

equipment washed there). Those drivers, even if they are members of Local 279, are not within the Decatur bargaining unit. But others may be covered employees, and as <u>Central States, Southeast and Southwest Areas Pension Fund v. Central Transport</u>, 472 U.S. 559 (1985), teaches us, plaintiff is entitled to find out.

While we disagree with some or much of defendant's contentions, they are not so egregious as to warrant sanctions.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 13 , 2001.