# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6181 | **DATE** | 5/13/2004 |
| **CASE TITLE** | CENTRAL STATES, SOUTHEAST vs. TRANSPORT SERVICE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is denied. Plaintiffs' motion pursuant to Rule 56(f) for continuance of defendant's motion for summary judgment is denied as moot. Plaintiffs' motion for reconsideration or to strike is denied as moot. Status hearing is set for June 17, 2004 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 64 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 MAY 13 PM 6:46 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
AND HOWARD MC DOUGALL, Trustee, )
and )
CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS HEALTH AND )
WELFARE FUND, and HOWARD )
MC DOUGALL, Trustee, )
 )
                Plaintiffs, )
 )
                    vs. )    No. 00 C 6181
 )
TRANSPORT SERVICE CO., an Illinois )
corporation, )
 )
                Defendant. )

DOCKETED
MAY 1 4 2004

## MEMORANDUM OPINION AND ORDER

Defendant moves for summary judgment. That motion is denied.

The thrust of defendant's motion is that plaintiffs are seeking contributions for employees who are not covered. The collective bargaining agreement, it contends, establishes a bargaining unit of drivers employed at its terminal facility at Decatur, Illinois, who are represented by Local 279. Since the drivers in contention are, it argues, employed at the Assumption, Illinois terminal, and are not members of Local 279, it has no obligation to pay pension and welfare contributions. Indeed, if more than one or two of them were included, the union would not have majority status.

We think defendant's contentions rest upon a combination of concepts that do not fit together. If a driver is truly an Assumption driver who occasionally carries loads from Decatur, those loads may be permissible under the contract's reciprocity provision as a foreign driver. Or perhaps the requirements of that provision may not be met and the hauling is a



violation of the contract, remediable through the grievance process. But that is not the issue.

As we previously ruled, Local 279 represents all the drivers in the bargaining unit, whether or not they are union members. If the majority of drivers in that bargaining unit do not want the union to represent them, then that leads to decertification and the end of any employer obligation to bargain with the union. But, in the meantime, there has been a collective bargaining contract in place which, as we understand it, requires contributions for covered drivers and obligates plaintiffs to provide benefits for those drivers.

Clearly, Assumption drivers are not members of the Decatur bargaining unit. But who is a Decatur driver and who is an Assumption driver? Defendant concedes, for the purpose of its motion, that at least some drivers it classifies as Assumption drivers "live, eat and breathe" at the Decatur terminal (as it must, for the purpose of the motion). And we believe that is fatal to its motion.

Who in fact is essentially operating out of Decatur, doing Decatur bargaining unit work, is very much disputed, and what factual standards should be used to determine who is a Decatur driver and who is an Assumption driver has yet to be fully explored. But if a driver who is classified by the employer as an Assumption driver is in reality a Decatur bargaining unit driver, the employer has an obligation to make contributions to fund the plaintiffs' obligation to pay benefits. *See* Moriarty v. Svec, 164 F.3d 323, 334-35 (7th Cir. 1998). Defendant's motion for summary judgment is denied. Plaintiffs' motion pursuant to Rule 56(f) for continuance of defendant's motion for summary judgment is denied as moot. Plaintiffs' motion for reconsideration or to strike is denied as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 13, 2002.